[No. 1359.  Decided June 30, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. MATT REIS *et al.*, *Appellants*.

GRAND LARCENY — SUFFICIENCY OF EVIDENCE.

In a prosecution upon an information charging grand larceny, the evidence is sufficient to uphold a conviction, when it appears that the defendants, while pretending to play a game at cards, snatched the money of the prosecuting witness, claiming that it had been won by gambling.

*Appeal from Superior Court, King County.*

*James Hamilton Lewis*, and *G. D. Farwell*, for appellants.

*John F. Miller*, Prosecuting Attorney, and *A. G. McBride*, for The State.

The opinion of the court was delivered by

STILES, J. — Appellants were accused by information of the crime of grand larceny.  The information was in the usual form, and we find no valid objection to it.    Nor do we conceive that counsel for appellants, although much of

their argument in the brief is devoted to the insufficiency of the information, really expect relief on that ground. The actual objection is that the case against appellants, as proven, is at variance with the one pleaded against them in the information. But this again arises out of the failure of the defense to appreciate that it was upon the testimony of the prosecuting witness Bunce that the appellants were convicted, and not upon that of the defendants or of those witnesses who heard him say that his loss occurred because defendants did not play fairly at cards. Upon Bunce's testimony as clear a case of larceny was made out as the books report; and the after conduct of the defendants strongly tended to corroborate his version of the story. But it was not necessary to write into the information the probative facts of this larceny, viz., the conspiracy of defendants to cheat and swindle Bunce while pretending to play at a game at cards, the snatching of Bunce's money out of his hand by Reis, and the latter's instantly handing it over to Rauschman, on the pretense that it had been won on a bet. No common law offense need be charged in that way, nor need it be charged in any other way than as required by statute. The ultimate fact was that appellants took, stole and carried away Bunce's money. The evidence overflowed with sufficiency.

There seem to be no further objections which are sustained by exceptions in the record, and the judgment is affirmed.

DUNBAR, C. J., and HOYT, SCOTT and ANDERS, JJ., concur.